United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Case No. 21-60309-CR-Scola |
| ) | |
| Jose Flores-Tejada, Defendant. ) | |

**<u>Order Denying Motion for Sentence Reduction</u>**

This matter is before the Court on the Defendant Jose Flores-Tejada's motion to appoint counsel and motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 33.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Flores-Tejada's motion both as to his request to appoint counsel and for reduction of sentence. (**ECF No. 33**.)

## 1. Background

On May 17, 2022, the Defendant Jose Flores-Tejada was sentenced to a term of imprisonment of 130 months after pleading guilty to one count of possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and one count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). (ECF Nos. 24, 25.) The Sentencing Guidelines range was 121 to 151 months of imprisonment based upon the Defendant's adjusted offense level of 31 with a criminal history category of II.

Since Flores-Tejada's sentencing, the United States Sentencing Commission issued Amendment 821 which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . ." The Amendment also affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023

Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.

Flores-Tejada now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 130 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*. 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds

of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

First, the Court denies the Defendant's request to appoint counsel because there is nothing complex about filing a motion for reduction of sentence that justifies the appointment of counsel.

Next, the Defendant claims without specification that he is entitled to a sentence reduction as a zero-point offender. But Flores-Tejada is not a zero-point offender. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "**(1) the defendant did not receive any criminal history points** from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" U.S.S.G. § 4C1.1 (emphasis added).

The Defendant fails to meet Amendment 821's eligibility requirement (1)—*i.e.*, that he "did not receive any criminal history points . . . ." He was convicted of attempted distribution of heroin in Alaska in 1997, sent to prison for 18 months, and subsequently deported. He did not receive criminal history points for that conviction. In 2006, the Defendant was convicted of conspiracy to possess with the intent to distribute cocaine and was sentenced to 121 months

in prison. He received 3 criminal history points for that conviction, which placed him in criminal history category II for his sentencing in this case. He is therefore not eligible for a reduction of sentence as a zero-point offender.

Flores-Tejada's motion could also be read as invoking Part A of Amendment 821—the "status points" adjustment. But Flores-Tejada is not eligible for the adjustment because he did not receive any status points to begin with. Accordingly, § 4A1.1's new status-point-rules have no bearing on Flores-Tejada's criminal history category. With his criminal history category unchanged, Flores-Tejada's guideline range remains the same. As such, Flores-Tejada is ineligible for a sentence reduction.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Flores-Tejada's motion for reduction of sentence is **denied**. (**ECF No. 33**.)

**Done and ordered** at Miami, Florida on May 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge